UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 20- 1232 |
| | ) | |
| $87,320.00 IN UNITED STATES CURRENCY, More or less, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT FOR FORFEITURE IN REM

Plaintiff, United States of America, by and through its attorneys, Stephen R. McAllister, United States Attorney for the District of Kansas, and Colin Wood, Special Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION

1.     This is an action to forfeit and condemn to the use and benefit of the United States of America the following property: $87,320.00 in U.S. Currency, more or less (hereinafter "defendant property"), for violations of 21 U.S.C. § 841.

## THE DEFENDANT IN REM

2.     The defendant property consists of: $87,320.00 in United States currency, more or less, that was seized by the Kansas Highway Patrol on or about May 16, 2020 during a commercial vehicle inspection of a car-hauler tractor-trailer combination driven by Ariunbayar

Lkhagvasuren on U.S. 54 at milepost 42 in Meade County, in the District of Kansas.   The currency is currently in the custody of the United States Marshal Service.

## JURISDICTION AND VENUE

3.     Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant property.   This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355.

4.     This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. 1355(b).   Upon filing this complaint, the plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

5.     Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district and/or pursuant to 28 U.S.C. § 1395, because the defendant property is located in this district.

## BASIS FOR FORFEITURE

6.     The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes 1) money, negotiable instruments, securities and other things of value furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; and/or 2) proceeds traceable to such an exchange; and/or 3) money, negotiable instruments, and securities used or intended to be used to facilitate a violation of the Controlled Substances Act.

7.     Supplemental Rule G(2)(f) requires this complaint to state *sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof*

*at trial.* Such facts and circumstances supporting the seizure and forfeiture of the defendant property are contained in Exhibit A which is attached hereto and incorporated by reference.

## CLAIM FOR RELIEF

WHEREFORE, the plaintiff requests that the Court issue a warrant for the arrest of the defendant property; that notice of this action be given to all persons who reasonably appear to be potential claimants of interests in the properties; that the defendant property be forfeited and condemned to the United States of America; that the plaintiff be awarded its costs and disbursements in this action; and for such other and further relief as this Court deems proper and just.

The United States hereby requests that trial of the above entitled matter be held in the City of Wichita, Kansas.

Respectfully submitted,

STEPHEN R. MCALLISTER
United States Attorney

COLIN D. WOOD, #19800
Special Assistant United States Attorney
1200 Epic Center, 301 N. Main
Wichita, Kansas 67202
(316) 269-6481
Fax (316) 269-6484

## DECLARATION

I, Jonathon Richards, Task Force Officer with the Drug Enforcement Administration in the District of Kansas.

I have read the contents of the foregoing Complaint for Forfeiture, and the exhibit thereto, and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this _14_ day of _August_, 2020.

TFO Jonathan Richards
DEA

4

**AFFIDAVIT**

I, Jonathon Richards, being first duly sworn, depose and states:

1.   TFO Richards has been employed with the Kansas Highway
Patrol (KHP) since January 2014 and has been cross-designated as
a DEA Task Force Officer since June 2019. My duties include
investigation of violations of the Controlled Substance Act,
Title 21 of the United States Code and forfeitures thereto.

2.   The information contained in this report is known to Affiant
through personal direct knowledge, and/or through a review of
official reports prepared by other law enforcement personnel.
This report is submitted in support of federal forfeiture.

3.   On May 16, 2020, Kansas Highway Patrol Trooper Cody Parr
stopped for a commercial vehicle inspection a 2009 Volvo truck
tractor-semi trailer on US 54 near milepost 42 in Meade County,
in the District of Kansas. The driver was identified as
Ariunbayar LKHAGVASUREN. The truck was hauling used cars.

4. Consent to search a 2001 Buick LeSabre vehicle located on the
trailer was granted, which resulted in Trooper Parr locating
$87,320.00 in U.S. currency located inside the rear driver's
side door of the Buick.

5. The U.S. currency was wrapped in rubber bands and sealed in
vacuum-sealed plastic bags. Some of the vacuum-sealed bags had
marijuana remnant in them, all with a strong odor of marijuana
coming from the bags and currency.

6.   LKHAGVASUREN denied any knowledge of the U.S. currency
hidden in the Buick. LKHAGVASUREN said he had been hired to
transport the Buick from St. Louis, Missouri to Los Angeles,
California.

7.   Based on the information set out above, the Affiant has
probable cause to believe that the $87,320.00 in U.S. currency
seized by the Kansas Highway Patrol constitutes money, or other
things of value furnished, or intended to be furnished, in
exchange for a controlled substance or proceeds traceable to
such an exchange, or was used, or intended to be used, to
facilitate one or more violations of Title 21, U.S.C. § 841
et.seq.

Accordingly, the property is subject to forfeiture pursuant to Title 21, U.S.C. §§ 853 and 881.

Jonathon Richards, TFO
DEA

Sworn to and subscribed before me this 14 day of August, 2020.

Notary Public

NOTARY PUBLIC - State of Kansas
AMY L. MARKS
My Appt. Exp